UTICA,
Aug. 1828.

CROMELINES *ads*. BELDENS.

Cromelines
*ads.*
Beldens.

MOTION to mitigate bail on an appeal from an order of the recorder of New-York. The defendants were arrested on a capias containing an *ac-etiam* clause demanding $60,000. They applied for an order for the plaintiff to shew cause of action, which he did to the amount of $30,000. The recorder of New-York then directed bail to be given in the sum of $45,000, each of the bail to justify in that amount, making in the aggregate the sum of $90,000. The defendant offered bail in $35,000, which was refused. An application is now made to the court to mitigate the bail ordered by the recorder.

*Collier*, for the defendants. The bail demanded is excessive. According to the practice of the king's bench, bail can be required only to double the amount sworn to; here, by the order of the recorder, it would be to treble the amount. In ordinary cases, where the debt is not large, to ask bail in double the amount, is no hardship; but when a debt of $100,000 is doubled, and bail required in that amount, it becomes oppressive. The object of bail is to give the plaintiff security that the defendant will be forthcoming, or that the debt, interest and costs will be paid. This object will be as effectually attained by requiring the defendant to give bail in $35,000, (being $5000 more than the debt,) as to require a larger sum.

*Ulshoeffer*, for plaintiff. The principle is, that bail shall be given in double the amount ordered; (1 *Tidd's Pr.* 226; 1 *Dunlap's Pr.* 174;) and the plaintiff having the right to demand *two* bail, may require that each of the bail shall justify in the amount ordered, or otherwise, though nominally hav-

Where there is an order to hold to bail in a large amount, the bail will be permitted to justify in a reasonable sum beyond the amount specified in the order. Where the debt sworn to was $30,000, and the order to hold to bail $45,000, a justification, in the aggregate amounting to the latter sum, by two or more persons, was allowed as sufficient. (a)

---

(a) By a modern rule of the king's bench, in *England*, where the sum sworn to exceeds 1000*l.* it is required only that the bail should justify for 1000*l.* more; *R. M.* 51, *G.* 3; as if the sum sworn to be 1500*l.* each of the bail must justify for 2500*l.* 1 *Archb. Pr.* 109.

ing two, he may in fact have but one bail. In ordinary cases, the practice is to insert double the amount of the plaintiff's demand in the capias, for which the defendant is required to give bail; and the question here is, whether the defendant shall give bail in double the amount specified in the recorder's order. Such is the uniform practice in all the courts of record in the city of New-York.

*By the Court*, SUTHERLAND, J. The general rule undoubtedly is, that bail must justify in double the amount contained in the writ, or in the order to hold to bail, if an order has been obtained; and the plaintiff may demand two bail. According to this rule, each of the bail in this case would be required to justify in the sum of $90,000. Where the debt is large, this rule may operate, as has been suggested, oppressively, and it is the duty of the court to see that in the enforcement of their rules, oppression be avoided. The object of bail is the security of the plaintiff; and when that is attained, his claims are satisfied. The debt demanded is $30,000; the defendant offers bail in $35,000; and though the court admit the general rule to be, that bail must be given in double the sum demanded or ordered; yet, in cases where the debt is enormously large, they will exercise the discretion that belongs to them, and direct bail to be given in such sum as they deem reasonable, under the circumstances of the case. The court therefore order, in this case, that the bail justify by two or any greater number of persons, in the amount of $45,000 in the aggregate, and no more; and that the order of the recorder be modified accordingly.