State vs. McDaniel.

No. 11,249.

### THE STATE OF LOUISIANA VS. PIERRE MCDANIEL.

1. The title of an act has legislative force only to a limited extent.
2. Where the word "wilful" is to be found only in the title of a statute an indictment under the latter which follows the exact words of the enacting clause, but using the word "feloniously" in lieu of the word "wilfully," complies with the law.
   The former term has a more extensive criminal meaning, than the latter and includes it.

APPEAL from the Eleventh District Court, Parish of St. Landry. Perrault, J.

M. J. Cunningham, Attorney General, for the State, Appellee.

John N. Ogden for Defendant and Appellant.

The opinion of the court was delivered by

NICHOLLS, C. J.   The indictment returned against the defendant charged that "he feloniously did strike one Joseph Lazario with a dangerous weapon, to-wit: a large club, with intent him the said Joseph Lazario then and thereby feloniously to kill and slay, contrary to the form of the statute, in such case made and provided."

The accused having been found guilty by the jury moved in arrest of judgment "on the ground that the word 'wilfully' is not used in the indictment, which was framed under Act 44 of 1892, which word 'wilfully' was sacramental, and that [no valid judgment could be rendered upon said invalid indictment."

The motion was overruled, and the prisoner sentenced to imprisonment in the State penitentiary for the space of one year.   He has appealed.

The first section of the act referred to is in these words:

"Whoever shall shoot, stab, cut, strike or thrust any person with a dangerous weapon with intent to kill shall be deemed guilty of a crime, and on conviction thereof shall suffer imprisonment with or without hard labor for not less than three years."

The title of the act is "An act to make it a crime to wilfully shoot, stab, cut, strike or thrust any person with a dangerous weapon with intent to kill, and prescribe the punishment therefor."

It will be seen that the indictment follows the exact words of the enacting clause, adding thereto the word "feloniously" not found in the section.

Defendant complains of the substitution of the word "feloniously" for that of "wilfully" used in the TITLE.

He relies upon the decisions of this court in State vs. Williams, 37 An. 776; State vs. Watson, 41 An. 599, and State vs. Jackson, 43 An. 183.

The first of the cases cited was based upon the fact that a statute of the State expressly and directly dealt with the subject of an "indictment" in murder cases and declared what it should recite.

The second case was under an indictment based on Act No. 17 of 1888, entitled "An act to amend and re-enact Sec. 794 of the Revised Statutes," which in its enacting clause declared "that whoever shall wilfully and maliciously, with a dangerous weapon or intent to kill, inflict a wound less than mayhem, shall on conviction be imprisoned," etc., in which indictment both the word "wilfully" and the word "maliciously" were left out and replaced by the word "feloniously." The court held that the word "feloniously" did not cover those two terms.

The third case turned upon a point not involved in the present one.

In the case at bar the State followed, as we have said, the precise words used in the *body* of the act as to the animus with which the act was to be done—reciting that the blow was struck "with an intent to kill" and inserting in the statement of the offence the word "feloniously" in lieu of the word "wilfully," which is found only in the *title* of the act, which has "legislative import" only to a limited extent. Lieber's Hermenutics. Ch. 5, p. 117 and Note (3d Edition.)

If the word used is equivalent to that for which it was substituted we think the requirements of the law have been complied with, and the accused has no ground of complaint, particularly if the prosecution undertook to establish by evidence responsive to its charge an intent of a worse character than that which the statute required to be laid. And that is what the State has done.

We think the word "feloniously" is stronger than the word "wilfully."

In the case of State vs. Bush, 27 Pac. 834, Mr. Justice Valentine brings together a number of authorities as to the scope of those terms. We quote from his opinion: "In Wong vs. Astoria, 13 Or. 538 (XI Pac. 295), it was held that to allege that an act was done wilfully and unlawfully was equivalent to alleging that it was done 'knowingly.'" In Weinsorpflin vs. State, 7 Black, 186, 195, it is said, among other things, as follows: "Feloniously" is substituted for it (unlawfully) and is not tantamount to it, but is a word of far more extensive criminal meaning. The act complained of could not have been feloniously and not unlawfully done. In the case of Calder vs. State, 17 Ind., it is said that the word "feloniously" in the connection in which it was used was identical in its import with "pur-

posely.'' In the case of Commonwealth vs. Adams, 127 Mass. 15-17, it is said: '' But the allegation that the defendant maliciously and feloniously incited and procured the principal to commit the felony *ex vi termini* imports that she acted with unlawful intent.'' In the case of Allen vs. Inhabitants, Wils. 318, it is said as follows: '' Here he (the prosecutor) has alleged in his declaration and has proved to the satisfaction of the jury that the same was committed and done feloniously, and that act which was committed feloniously was certainly done wilfully, unlawfully and maliciously, for doing an act feloniously is doing it *malo animo*, viz.: with malice.'' Therefore Sergeant Burland concluded that the declaration was perfectly right and of that opinion was the whole court and gave judgment for the plaintiff.

In Webster's International Dictionary it is said that the word ''felonious'' means ''having the quality of a felony, malignant, malicious, villainous, perfidious, in a legal sense done with intent to commit a crime.''

The Encyclopædia Dictionary says that the word ''felonious'' means in law '' of the nature of a felony, done with deliberate purpose to commit a crime.'' And the word ''feloniously'' means in law '' in a felonious manner with deliberate intention to commit a crime.'' See the Imperial Dictionary and the Century Dictionary substantially to the same effect.

We are of the opinion that the indictment found sufficiently complied with the law.

Judgment affirmed.