The opinion of the court was delivered by
McEnery, J.
The relator was charged before the Second Recorder’s Court of tbe city of New Orleans with having wounded two parties with intent to murder.
It is alleged in the application for relief that the relator has been in custody since the 10th of November, 1895, on commitments of the recorder, without benefit of bail. The relief prayed for is a mandamus compelling the recorder to examine the case and admit the relator to bail.
*1678 The answer of the recorder is as follows:
“And now comes A. M. Aucoin, recorder of the Second Recorder’s Court, and in answer to the order of this honorable court, to show cause why the writ of mandamus should not issue herein, says: That he is now and has ever been willing and ready to examine and investigate the accusations and complaints mentioned in relator’s petition against Paul Milliet, and that he has, up to this time, been unable to do so, because the evidence of one Thomas Kenny is important and material, and without whose evidence respondent verily believes the State can not safely proceed to examine and investigate said accusations and complaints against the said Paul Milliet; that it is alleged, in one of said complaints against said Paul Milliet, that he (Milliet) shot and wounded Thomas Kenny with intent to murder; that in the other of said complaints, it is alleged that at the same time and place Milliet shot and wounded Thomas Monday with intent to murder; that Thomas Kenny is now confined and is dangerously ill in the Charity Hospital, suffering from the effects of a gunshot wound alleged to have been inflicted by Milliet; that Thomas Kenny is now physically unable to give his evidence in the said cases against Paul Milliet, on account of said wounds, and the said Kenny is not yet in such a condition of mind as to make his declarations (dying declarations). And respondent, further answering, says that hej has fixed the amount of bail in the cases against Milliet as follows: In case of shooting and wounding Thos. Kenny with intent to murder, twenty thousand dollars; in the case of shooting and wounding Thomas Monday with intent to murder, five thousand dollars.”
It appears from the statement of the respondent that the wounded parties, who are the most important and material witnesses on behalf of the State, are in no physical condition to appear in court and give their evidence on the examination.
It is an imperative requirement that the examination must be taken as soon as the circumstances of the case will permit.
In the case of State ex rel. Matranga vs. Recorder, 42 An. 1091, we said: “That although the recorder be bound to proceed with the case before him, we are not to be understood as saying that he shall have no authority, after the case shall have been fixed for examination, on a proper showing, in the exercise of a sound legal discretion, to allow a continuance for any other valid cause.”
*1679 In the instant case, the physical inability of the most important and material witnesses on behalf of the State to appear and testify is an ample justification for a postponement of the examination to such a time as they may be able to attend the examination.
The object of giving bond for one’s appearance to answer an accusation is for the purpose of securing his attendance, and it should be in such an amount as to exact the utmost vigilance on the part of the sureties for the appearance to prevent a forfeiture of the bonds. The amount of the bond should bear a proportion to the gravity of the offence and to the ability of the accused to give it. What might be excessive bail in one case would not be in another. The amount exacted by the recorder would be large, probably excessive, if the relator is without means. For a man of wealth it would probably be reasonable. At any rate, we are not informed as to the ability of the relator to furnish the bond, and are not disposed to arbitrarily fix the amount, even were we inclined," in a proceeding of this kind, to assume jurisdiction. We have often held that where relief is sought here for some ruling in the lower court, in the exercise of supervisory jurisdiction, we will not entertain the application unless all remedies have been exhausted below.
For excessive bail the injured party has a speedy remedy by simple motion before the Criminal Court which has jurisdiction of the case. It is in a position to hear testimony and to examine into the conditions which would entitle the party to a reduction of the amount fixed by the committing magistrate. Bunting vs. Brown, 13 Johns. 425; Cormelines vs. Beldens, 1 Wend. 107; 17 Mass. 116.
The relief prayed for is denied and the alternative writ herein granted set aside.