(113 So. 803)

No. 28748.

STATE v. GLENON.

Ex parte GLENON.

July 11, 1927.

*(Syllabus by Editorial Staff.)*

**1. Criminal law ☞1205—One cannot be punished in case in which he is acquitted.**

One cannot·be punished, under law of land, in cases in which he has been acquitted. ·

**2. Bail · ☞51—One cannot be penalized because of former charges or convictions in fixing amount of bail pending appeal from subsequent conviction.**

One entitled to bail pending appeal from conviction cannot be penalized in matter of amount of bail on account of former charges or convictions.

**3. Criminal law ☞1144(17)—It must be presumed that penalty fixed by court fits crime, and is adequate.**

It must be presumed that penalty assessed on conviction of offense fits crime with which defendant is charged, and is adequate punishment under all facts of case.

**4. Bail ☞52—One convicted of injuring automobile of another while intoxicated and operating motor vehicle is entitled to bail which is not excessive pending appeal (Act No. 48 of 1926, § 2; Const. 1921, art. 1, § 12).**

One convicted under Act No. 48 of 1926 for causing injury to automobile of another while in an intoxicated condition and operating motor vehicle *held* entitled to bail during pendency of appeal from conviction, in view of Const. 1921, art. 1, § 12, and Act No. 48 of· 1926, § 2, and excessive bail cannot be exacted.

**5. Bail ☞49—Court assumes that one applying for bail pending appeal is person in ordinary circumstances financially.**

In absence of information as to financial ability of one applying for bail pending appeal from conviction, court will presume that case is usual one of convicted person in ordinary circumstances.

**6. Bail ☞52—$10,000 bail bond pending appeal from conviction of injuring automobile while intoxicated and operating motor vehicle held excessive and reduced to $2,000 (Act No. 48 of 1926).**

$10,000 bond *held* excessive, and should be reduced to $2,000 as bail pending appeal for one convicted under Act No. 48. of 1926 for causing injury to automobile of another while intoxicated and operating motor vehicle.

Application of James Glenon for a writ of habeas corpus, brought against Hon. A. D. Henriques, Presiding Judge of Section C of the Criminal District Court for the Parish of Orleans. Peremptory writ of mandamus issued, requiring respondent to reduce amount of bail.

Paul L. Fourchy, ˙ of New Orleans, for relator.

LAND, J. Relator was convicted by a jury of five in the criminal district court for the parish of Orleans for causing injury to an automobile of another while relator, in an intoxicated condition, was operating a motor vehicle. Act 48 of 1926.

A motion for new trial was filed and overruled on June 17, 1927, and relator was sentenced to serve nine months at hard labor in the state penitentiary. A motion for a suspensive appeal was then filed and granted, and application was made to respondent judge to fix bail for the release of relator pending the appeal. Bail was fixed in the sum of $10,000.

Relator complains that the fixing of bail in a case of this nature at $10,000, during the pendency of the appeal, is practically a denial of bail, and is an arbitrary and illegal abuse of judicial power.

An order was issued by this court to respondent judge to fix the bail bond of defendant at $2,000, or to show cause to the contrary.

Respondent judge does not state in his return that relator is amply able to give the amount of bail fixed, nor that there are any good reasons to believe that relator will attempt to flee justice during the pendency of the appeal.

The nature of the offense charged does not, in our opinion, justify the exaction of bail in the sum of $10,000 during the pendency of the appeal in this case, even if it be conceded that bail, after conviction, should not be fixed in the same amount as in a case where the accused is awaiting trial, prior to conviction. Although convicted, an accused person is entitled to bail in a reasonable amount during the pendency of the appeal in certain cases provided for in the present Constitution.

[1, 2] One of the reasons of respondent judge for fixing the bail in this case in the large sum of $10,000 is based upon the fact that relator had been previously convicted in two other cases and fined $10 or 30 days, and had been acquitted of a charge of manslaughter, and of a charge of assault with a dangerous weapon and carrying concealed weapons. Relator cannot be punished, under the law of the land, in cases in which he has been acquitted, nor can he be penalized in the present case, in the matter of the amount of bail, for former convictions.

[3] With all of these facts before him, respondent judge sentenced relator to imprisonment at hard labor in the state penitentiary for nine months. It must be presumed that the penalty fits the crime with which relator is charged, and is adequate punishment under all of the facts of the case.

[4] The penalty for the violation of Act 48 of 1926 by intoxicated drivers of motor vehicles is a fine in a sum not exceeding $1,000, and imprisonment, with or without hard labor, for a term of not more than one year. Section 2.

It is provided in section 12 of article 1 of the Constitution of 1921 that:

"Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishment inflicted. All persons shall be bailable by sufficient sureties, except the following: First, persons charged with capital offense where the proof is evident or the presumption great; second, persons convicted of felonies, *provided that where a minimum sentence of less than three years at hard labor is actually imposed, bail shall be allowed pending appeal and until final judgment.*"

It is clear, therefore, that, under the Constitution of the state, relator is entitled to bail in the present case during the pendency of the appeal, and that excessive bail cannot be exacted lawfully of him.

It has been held that a bond of $7,500 was not excessive in a murder case where the accused had been admitted to bail. State v. Moore et al., 140 La. 722, 73 So. 842.

The present case is not one of homicide at all, but of injury to property by the driver of a motor vehicle, operated by him while he was in a state of intoxication.

In State ex rel. Paul Milliet v. Aucoin Recorder, 47 La. Ann. 1677, 18 So. 709, it is said:

"The object of giving bond for one's appearance to answer an accusation is for the purpose of securing his attendance, and it should be in such an amount as to exact the utmost vigilance on the part of the sureties for the appearance to prevent a forfeiture of the bonds. The amount of the bond should bear a proportion to the gravity of the offense and to the ability of the accused to give it. What might be excessive bail in one case would not be in another. The amount exacted by the recorder would be large, probably excessive, if the relator is without means. For a man of wealth it would probably be reasonable."

[5] We are not informed as to the ability of relator to furnish the bond. We presume, however, if relator had been possessed of ample means, that such circumstances would have been mentioned in the answer of respondent judge. We feel justified in assuming, therefore, that the case of relator is the usual one of a convicted person in ordinary circumstances applying for bail during the pendency of an appeal.

[6] In our opinion, a bond in the amount of $10,000 in this case is excessive, and should be reduced to the amount of $2,000. We deem the latter amount sufficient to secure the attendance of the accused to answer the final judgment which may be rendered against him on appeal, and also proportionate to the gravity of the offense with which he is charged.

It is therefore ordered that the rule herein issued be maintained, and that a peremptory writ of mandamus issue to the respondent judge, Hon. A. D. Henriques, presiding judge of section C of the criminal district court for the parish of Orleans, directing him to fix without delay the amount of bail in this case in the sum of $2,000, and to release relator from custody during the pendency of the appeal herein, upon the execution by relator of bond in said sum with good and sufficient sureties.