ROGERS, Justice.
 

 Relator was convicted and sentenced for the unlawful possession of a certain narcotic drug in violation of Act No. 14 of the Second Extraordinary Session of the Legislature for the year 1934. Relator appealed from his conviction and sentence and then applied to the trial judge to be admitted to bail pending the appeal, to which he was entitled, since the minimum sentence imposed was less than three years at hard labor. Const. 1921, art. 1, § 12; City of New Orleans v. Lacoste, 169 La. 717, 125 So. 865. The trial judge fixed relator’s bond at the sum of $25,000, and relator applied for a reduction in the amount, alleging that it was excessive and that he was not able to furnish the bond required. After a hearing on relator’s application, the trial judge refused to reduce the amount of the bond. Thereupon, relator invoked the supervisory jurisdiction of this court, basing his application for relief on the constitutional provision which provides that, “Excessive bail shall not be required.” Const. 1921, art. 1, § 12.
 

 Upon the hearing for the reduction of bail, it was shown that relator possesses little or no property. His occupation is that of ordinary seaman. When employed, he earns about $7 a week. With his wife and infant child relator lives in one of the poorer sections of the city. The family occupies two rooms, the furnishings of which are worth less than $25. The agreed rental of the rooms is $6 per month, and relator is in arrears for three months’ rent.
 

 However, the trial judge, as shown by his return, thought that relator’s claim of poverty was highly exaggerated. Respondent sets forth that whatever appearance of poverty surrounded relator and his home it was in a large measure due to the fact that relator is unaccustomed to any better standard of living, and could not rise higher than his own level. That relator, to respondent’s knowledge, possessed $170 in cash and also owned and used an automobile, which, according to relator, he purchased for $40. That relator was represented on the trial of the case by three able and .industrious attorneys, whose efforts in relator’s behalf left no doubt in respondent’s mind that they had been well paid for their services. That in addition to the narcotic drug which was seized on relator’s premises, there was also seized a full contain
 
 *53
 
 ■er of sugar of milk, which, as shown by the expert testimony, was used for mixing with the narcotic drug, thereby increasing the quantity of the product and the profits of relator, who was a peddler of narcotics. That relator, when in legitimate employment, is a common seaman. That he is a citizen of Spain, illegally in this country, coming here aboard ship as a common seaman. That he is not a fixture in this country, much less in this locality, and could with little or no difficulty leave aboard ship just as he came here. "With not less than twenty months nor more than five years in the State Penitentiary confronting him, as an actuality, a wife and baby would mean little or nothing to a person of relator’s lack of character.” And respondent sets forth: “It was this consideration, principally, together with the fact that relat- or, notwithstanding his pretended poverty, was able to employ sufficient finances whenever and wherever they would do the most good, that influenced this court in determining that bail in the sum of Twenty-five thousand dollars was legal and proper.”
 

 While we fully appreciate the reasons actuating the respondent judge in fixing relat- or’s bond at $25,000, we think the amount of the bond is excessive.
 

 In his application to this court, relator has asked that the bond be reduced to $2,500. There is nothing in the evidence to show that he is in a position to furnish a bond in excess of that amount. As a matter of fact, at the time of his arrest, relator was placed under an appearance bond of $5,000, which he was unable to give.
 

 The mere fact that a defendant cannot make bond, as fixed by the trial judge, does not necessarily render the amount excessive. Regard must be had, also, for the nature of the crime, the danger resulting to the public from the commission of the offense, and the punishment imposed or authorized by law. State ex rel. Chandler, 45 La. Ann. 686, 12 So. 884. Nevertheless, a defendant’s ability or lack of ability to make bond should be considered in determining the amount thereof.
 

 A bond must be reasonable. The public policy of the state favors bail, and under modem conditions criminals can be located and returned fob trial or for service of sentence much more easily and efficaciously than in former years. Ex parte Oliver, 127 Miss. 208, 89 So. 915.
 

 Under the circumstances of this case, we think that a bond of $2,500 conditioned according to law is sufficient, and that the bond of $25,000, which relator is required to furnish, should be reduced to that amount.
 

 For the reasons assigned, the rule nisi herein issued is made absolute and relator’s application is granted to the extent of permitting relator to obtain his liberty pending his appeal after he shall have furnished a bond to the satisfaction of the trial judge, with all the required conditions, in the sum of $2,500, to which amount the bond of $25,000 heretofore required of him is reduced.