**5 So.2d 363**

## STATE v. CHIVERS.

No. 36467.

Dec. 12, 1941.

Nicholas G. Carbajal, of New Orleans, for relator.

J. Bernard Cocke, Dist. Atty., Beuker F. Amann, Asst. Dist. Atty., and Bentley G. Byrnes and Alvin J. Liska, Sp. Prosecutors, all of New Orleans, for the State.

. ODOM, Justice.

The defendant is charged with the crime of embezzlement under Section 905, Revised Statutes, as amended by Act 165 of 1918.

It is charged in an affidavit that he embezzled $12,200.36 in currency which had been entrusted into his care, keeping, and possession by the International Brotherhood of Electrical Workers, the owner of said funds. He was arrested, and his bond was fixed at $5,000 by the judge of Section "A" of the Criminal District Court of the Parish of Orleans. Failing to make the bond, he was incarcerated in the parish jail.

He made application to the court for a reduction of the amount of the bond, alleging that it was excessive and that he was unable to make bond in a sum exceeding $2,000. Upon his application the district attorney was ruled to show cause why the amount of the bond should not be reduced. A trial of the rule to show cause was had, evidence was adduced, and his application was refused by the judge. He applied to this court for writs of habeas corpus, certiorari, and mandamus, invoking our supervisory jurisdiction. The writs were granted, and the judge was ordered to send up the record in the case and to show cause why the amount of the bond should not be reduced as prayed for.

In compliance with our order, the judge made answer and sent up the record, which contains all of the testimony taken at the trial of the rule to show cause. The district attorney filed opposition to defendant's application, his opposition being based on two grounds—first, that the amount of the bond is not excessive, and, second, that the defendant did not make a reasonable showing that he was unable to furnish bond in the amount fixed by the court.

The crime of embezzlement is a felony under the statute, and, where the amount feloniously appropriated exceeds $100, the

punishment is imprisonment at hard labor for a term not exceeding 15 years. According to the charge made against defendant, he has embezzled a sum exceeding $12,000. The judge says in his answer to the rule to show cause that he does not think a $5,000 bond is excessive in a case where a defendant is charged with embezzling more than $12,000, and that the amount of the bond fixed by him in this case is the usual amount fixed in similar cases in New Orleans.

There is no set rule as to the amount of an appearance bond which should be exacted for the release from custody of one against whom a criminal charge is pending. The purpose of the bond is to secure his attendance in court when called to answer the charge made against him. The sureties on the bond are liable for the amount of it if the accused fails to appear when called, so that the bond should be fixed in such amount as will exact vigilance on the part of the sureties to see that the accused appears in court when called. The gravity of the charge should be taken into consideration, for the reason that, in cases where the penalty which may be imposed is severe, the temptation to abscond is greater than in cases where the penalty is light. Therefore, in a case where a defendant is charged with embezzling more than $12,000, because the maximum penalty which may be imposed is 15 years at hard labor, we cannot say that, under ordinary circumstances, a $5,000 bond is excessive.

Defendant's plea is that he is not able to make bond in the amount fixed. But, as we said in State v. Alvarez, 182 La. 50, 161 So. 17, 18, "The mere fact that a defendant cannot make bond, as fixed by the trial judge, does not necessarily render the amount excessive".

But in the Alvarez case and in many others we have said that, in fixing the amount of the bond, some consideration should be given to the ability of the accused to make it. What might be a reasonable bond in one case might not be in another. State ex rel. Milliet v. Aucoin, Recorder, 47 La.Ann. 1677, 18 So. 709; State v. Glenon, 164 La. 163, 113 So. 803.

The testimony shows that the defendant has resided in the City of New Orleans about 20 years; that neither he nor his two sisters, the sole members of his family, have any property. Defendant testified that he had not asked any of his friends to sign his bond but had left the matter of getting sureties entirely to his lawyer. His attorney testified that defendant's sisters had given him the names of those who they thought might sign the bond, that he had interviewed three of the persons listed, and that each of those interviewed expressed a willingness to sign the bond for the full amount. But he said that in his opinion none of the three would be acceptable as a bondsman for an amount in excess of $1,000. He testified that each of those interviewed owned property which he estimated to be worth $5,000, but that the property of one of them, at least, was under mortgage for $1,500. He was then asked, "What about the other two?" And he said, "Their status is about the same." He was then asked:

"Q. In each instance the property is worth $5000.00 with a $1500.00 mortgage? A. In some instances they may have.

"Q. But approximately $1500.00? A. I would not stand on that, whether that applies to the other two I don't know.

"Q. The assets total $15,000.00 of those willing to sign the bond, but there are encumbrances of $4500.00, which leaves $10,500.00 equity in the property of these three persons? A. Approximately, but my judgment suggested that none of these individuals would be acceptable for the full amount."

The attorney did not testify that the property of each of these individuals was, to his knowledge, encumbered by mortgage, nor did he say that the property owned by them was subject to the homestead exemption, nor did he state that the parties interviewed had been rejected as sureties by the sheriff, whose duty it is to accept and approve bonds. He stated that in his opinion the individuals would not be acceptable as bondsmen for an amount exceeding $1,000 each. There is no indication that the sheriff refused to accept them as sureties.

It clearly appears, therefore, that the defendant has not made a reasonable showing that he is unable to make bond in the amount fixed by the judge. In the absence of such showing, there is no reason why this court should interfere.

For the reasons assigned, the writs heretofore issued are recalled, and defendant's application is dismissed.