215 So.2d 108

**STATE of Louisiana**

v.

**Betty JONES.**

No. 49520.

Oct. 10, 1968.

Written Reasons Oct. 25, 1968.

Steven R. Plotkin, Plotkin, Sapir, Bradley & Tanet, New Orleans, for defendant and petitioner.

Jim Garrison, Dist. Atty., James L. Alcock, Executive Asst. Dist. Atty., Numa V. Bertel, Jr., Louise Korns, Asst. Dist. Attys., for respondent.

PER CURIAM.

This case came for argument this day on the rule for the respondent judge to show cause why the bail bonds of relator should not be reduced to the sum of $2500.00 in each case pending against her in the Criminal District Court for the Parish of Orleans.

Considering the nature of the offenses charged and all available circumstances of the case, the rule is made absolute, and it is now ordered that the relator, Betty Jones, be released from custody upon furnishing bonds in the criminal proceedings pending against her in the Criminal District Court for the Parish of Orleans in the sum of $2500.00 in each case.

Our written reasons for this ruling will be handed down in due course.

SANDERS, J., dissents and assigns written reasons.

SUMMERS, J., dissents.

BARHAM, J., dissents and assigns written reasons.

WRITTEN REASONS

McCALEB, Justice.

We herewith assign the following reasons in support of our Per Curiam Order of October 10, 1968 reducing the bail bonds of relator to the sum of $2,500 in each case pending against her in the criminal district court.

The essential facts gleaned from the uncontroverted allegations of relator's petition for writs with the attachments thereto, and the return of the respondent judge, are as follows:

On October 3, 1968 relator, Betty Jones, was arrested on an affidavit filed in the Criminal District Court for Orleans Parish which charged that she was a material State witness in a manslaughter case against one Robert Blanchard and that it was feared that she might leave the jurisdiction of the Court. Her bail was fixed at $50,000. Shortly after her arrest she was brought before the Grand Jury to give testimony. However, her statement to the Grand Jury was unsatisfactory and she was indicted for perjury in two separate indictments, her bail being fixed at $50,000 in each case. Meanwhile, on the same day (October 3rd), the district attorney entered a nolle prosequi of the State's charge against Blanchard and also dismissed the material witness affidavit against relator.

On the following day, relator applied to the respondent judge for reduction of bail on the two perjury charges from $100,000 to $2,000, alleging that it was excessive and beyond her ability to furnish. A hearing was convened on this application on the same day of its filing, at which counsel for relator called her as a witness in support of the motion. However, before placing her on the stand, counsel inquired of the judge as to the scope of her direct and cross-examination, suggesting that such examination should be limited to matters germane to the determination of the proper bail to be furnished. An assistant district attorney objected to this suggestion and indicated he intended to question relator on cross-examination as to her guilt of the offenses with which she was charged. Thereupon, the judge ruled that the cross-examination of relator would be unlimited. He observed:

"I believe it's the obligation of the Court to do that if the District Attorney doesn't do it, *because I have to take into consideration the weight of the evidence against the defendant.*" (Italics ours)

Counsel for relator then reserved a bill of exception to the judge's ruling and invoked the supervisory jurisdiction of this Court for relief. In the application for writs, counsel asserted that the ruling of the judge violated two fundamental protections extended by the State and Federal Bill of Rights, in that it effectually denied her the right to testify concerning her inability to furnish the high bail which had been fixed and other matters germane thereto, unless she would either submit to cross-examination with respect to her guilt or innocence of the crimes with which she is charged or claim on the witness stand her privilege against self-incrimination guaranteed by Section 11 of Article I of the Louisiana Constitution and the Fifth Amendment of the Constitution of the

United States. In support of this position counsel cited Simmons v. United States, 390 U.S. 377, 88 S.Ct. 967, 19 L.Ed.2d 1247.

Counsel also assigned as error the judge's failure to reduce the bail, contending that the fixing of bail at $100,000 on two perjury charges (actually one perjury alleged to be committed in answer to questions pertaining to the same inquiry by the Grand Jury) was highly excessive on its face; that it was manifestly unreasonable and violative of Section 12 of Article I of the Louisiana Constitution, providing that "Excessive bail shall not be required * * *", and similar provisions of the Eighth Amendment of the Federal Constitution.

Believing there was merit in relator's complaints, particularly with respect to the claim that the bail fixed by the judge in the first instance was highly excessive, we granted the application and entered an order on October 9, 1968 for the respondent to reduce the bonds of relator in the criminal proceedings to the sum of $2,500 in each case or show cause to the contrary in this Court on the following day, October 10, 1968.

The judge did not reduce the bonds. Instead, he and the district attorney filed a return to the rule nisi, setting forth that the prosecution had informed the court that it had intended to produce the testimony of Sergeant Thomas Duffy of the New Orleans Police Department, who would have testified that relator stated to him, at the time she was subpoenaed as a material witness on October 3, 1968, it was a "good thing" she received the summons on that day "because she planned to absent herself from * * * the City of New Orleans * * *" and has no intention of returning. The respondent judge further said in the return that it was his duty, under Article 317 of the Louisiana Code of Criminal Procedure, in determining bail to consider "(2) the weight of the evidence against the defendant; * * *" and that, since the hearing on the motion for reduction of bail was terminated by petitioner's application to this Court for remedial writs prior to the taking of testimony, he is not in a position at this time to rule upon the motion. Wherefore, he requested that this Court remand the case to his division with proper instructions to proceed with the application for bond reduction.

■ After giving due consideration to the return of the judge and his request that the matter be remanded to him in order to take evidence, a majority of this Court, being of the view that the bonds totalling $100,000 were so excessive, oppressive and completely out of line with all our prior jurisprudence in bail bond cases, decided that the mandate of the State and Federal Constitutions required the immediate reduction of bail to a reasonable sum and fixed the bonds at $2,500 in each case, which we deem to be just and proper in

accordance with the jurisprudence of this Court in similar cases to which we shall hereafter refer.[1]

■ At the outset, we have no hesitancy in concluding that the judge was in error in ruling that relator, upon taking the witness stand on her rule to reduce the excessive bond, could be cross-examined by the district attorney and by the judge himself with relation to her commission of the offenses with which she is charged. For, while it is true that Article 317 of the Code of Criminal Procedure provides: "(2) The weight of the evidence against the defendant;" is a factor to be considered in determining the amount of bail, this factor in our judgment may only be considered in cases involving bail after conviction (save in capital cases and in matters in which bail is fixed after a preliminary hearing), because prior thereto the weight of the evidence against the defendant necessarily is unknown. A literal application of this provision, which has been borrowed from Section 46(c)[2] of the Federal Rules of Criminal Procedure (see 18 U.S.C.A. pp. 320, 321), would authorize the magistrate or judge to consider in fixing the weight of the evidence against a defendant prior to trial and require a defendant, when seeking reduction of excessive bail, to either subject himself to cross-examination as to his guilt or, as an alternative, to exercise his constitutional privilege against self-incrimination. Although the five factors provided by Article 317 for determining the amount of bail refer indiscriminately to the fixing of bail pending appeal after conviction, as well as bail prior to conviction, we do not believe that it was ever intended by the Legislature that, under our system of criminal procedure, the judge or magistrate would be permitted, in fixing bail before conviction, to delve into the weight of the evidence against an accused before his trial in order to fix his bail, except in capital cases wherein entitlement to bail is not a vested right (see Art. 313, C.Cr.P.) and in matters in which bail is fixed following a preliminary hearing. Therefore, we hold

1. Counsel for relator informed us during oral argument that relator would be unable to furnish any bond exceeding $1,000. While the ability of a defendant to give bail is one of the factors to be taken into consideration in determining the amount of bail, this in itself furnishes no basis for not fixing bail in a reasonable amount which, as provided by Article 317, C. Cr.P., "will insure the presence of the defendant." See State v. Alvarez, 182 La. 50, 161 So. 17, where it was said: "Regard must be had, also, for the nature of the crime, the danger resulting to the public from the commission of the offense, and the punishment imposed or authorized by law. State ex rel. Chandler, 45 La.Ann. 696, 12 So. 884."

2. It is to be noted that Rule 46(c) upon which our Article 317, C.Cr.P., was partially patterned was amended by Congress in 1966 (before our new code became effective) by adding another factor to be given consideration by the commissioner or judge in fixing bail, which is stated to be " * * * the policy against unnecessary detention of defendants pending trial."

that paragraph (2) of Art. 317, C.Cr.P., is without relevance to this case. All other factors named in Article 317, i. e., (1) the seriousness of the offense charged, (3) the previous criminal record of the accused, (4) his ability to give bail, and (5) other circumstances affecting the probability of his appearance, are pertinent.

The district attorney and the judge do not contend here that the bail of $100,000 is not excessive. They assert, however, that the matter should be remanded so that the prosecution may adduce such evidence it may have which is material to the reduction of bail and to give consideration to the factors enumerated in Art. 317, C.Cr.P., in determining the amount of bail.

The contention does not impress us. The judge, who fixed the excessive bail should have given consideration to the factors enumerated in Article 317 when the amount of bail was initially set. In fact, the district attorney and the judge in their return point to no new evidence or circumstances of which they were not cognizant at the time the $100,000 bail was fixed.

In the case at hand, there is no need for a remand to determine the seriousness of the offense charged, for perjury is punishable under R.S. 14:123, when not committed on a trial for any felony, as in this case, by a fine of not more that $1,000 or imprisonment with or without hard labor for not more than five years or both. Since the judge and the district attorney in their return do not contend that relator has a previous criminal record, we need not consider this factor as a basis for a remand, and since the State does not take issue with realtor's allegation that she is unable to furnish more than $1,000 bail in each case, we can also eliminate that factor.

This leaves only for consideration the affidavit annexed to the judge's return on which the claim for a remand is based, that is, that relator made a statement to Sergeant Thomas Duffy at the time she was served with a subpoena to appear as a material witness on October 3, 1968, " * * * that it was a good thing she received her subpoena today because she planned to absent herself from the jurisdiction of the court by leaving the City of New Orleans, Louisiana; that she has no intention of returning to the Parish of Orleans * * *".

But this is not new evidence for, as stated above, the judge must have been informed of this alleged statement at the time he set bail at $100,000 at the suggestion of the district attorney. Examination of this affidavit shows that it is sworn to by Richard E. Chaffin, an assistant district attorney, it being a certified copy of the hearsay affidavit upon which relator was charged as a material witness about to leave the jurisdiction and placed under a $50,000 bond. There is no attached affidavit of Sergeant Duffy, who is alleged

in the hearsay affidavit to be the officer to whom relator is supposed to have given the statement that she planned to leave the City of New Orleans.

■ Furthermore, assuming that relator made the statement to the police officer attributed to her in the hearsay affidavit, this would not warrant the excessive bail of $100,000 fixed in the two perjury cases. Nor would the fixing of bail in such an amount be justifiable even if there were evidence which casts some doubt as to whether relator, upon posting bail, might leave the jurisdiction of the court. For, to do so, would be unreasonable and violative of the mandate of the Constitution. In State v. Alvarez, 182 La. 50, 161 So. 17, we said:

"A bond must be reasonable. The public policy of the state favors bail, and under modern conditions criminals can be located and returned for trial or for service of sentence much more easily and efficaciously than in former years. Ex parte Oliver, 127 Miss. 208, 89 So. 915."

■ In our view, after considering all circumstances of the case, there is little reason for a remand for the purpose of determining whether the bail, which we find highly excessive, should be reduced and the amount of the reduction, as this would entail further delays and, even then, there is the distinct possibility the respondent judge may not reduce the bail. We prefer to follow the practice long established by this Court in fixing bail in a reasonable sum,[3] which we believe will insure the probability of relator's appearance at her trial.

The views we entertain coincide with the jurisprudence of the Federal courts. See Noto v. United States, 76 S.Ct. 255, 100 L.Ed. 1518, and the leading case of Stack v. Boyle, 342 U.S. 1, 72 S.Ct. 1, 96 L.Ed. 3, and, particularly, the concurring opinion in that matter of Mr. Justice Jackson (in which Mr. Justice Frankfurter joined), which has been repeatedly quoted with approval in subsequent federal jurisprudence. In that concurring opinion it was aptly observed:

"The practice of admission to bail, as it has evolved in Anglo-American law, is not a device for keeping persons in jail upon mere accusation until it is found convenient to give them a trial. On the contrary, the spirit of the proce-

3. This Court has invariably fixed the bail itself whenever on review it finds it excessive. See. In. Re Chandler, 45 La. Ann. 696, 12 So. 884 (bail reduced from $10,000 to $1,000 after conviction for criminal libel); State v. Mistich, 182 La. 43, 161 So. 14 (bonds totalling $46,000 in cattle stealing cases reduced to $9,- 500); State v. Alvarez, 182 La. 50, 161 So. 17 (bond of seaman after conviction of possessing narcotics reduced from $25,000 to $2,500); and State v. Wertheimer, 183 La. 388, 163 So. 545 (bond) of $40,000 in charge of conspiring to destroy property and business by use of explosives reduced to $7,500).

dure is to enable them to stay out of jail until a trial has found them guilty. Without this conditional privilege, even those wrongly accused are punished by a period of imprisonment while awaiting trial and are handicapped in consulting counsel, searching for evidence and witnesses, and preparing a defense. To open a way of escape from this handicap and possible injustice, Congress commands allowance of bail for one under charge of any offense not punishable by death, Fed.Rules Crim.Proc. 46(a) (1) providing: 'A person arrested for an offense not punishable by death shall be admitted to bail * * *' before conviction.

*"Admission to bail always involves a risk that the accused will take flight. That is a calculated risk which the law takes as the price of our system of justice.* We know that Congress anticipated that bail would enable some escapes, because it provided a procedure for dealing with them. Fed.Rules Crim.Proc. 46(f).

"In allowance of bail, the duty of the judge is to reduce the risk by fixing an amount reasonably calculated to hold the accused available for trial and its consequence. Fed.Rules Crim.Proc. 46(c). *But the judge is not free to make the sky the limit,* because the Eighth Amendment to the Constitution says: 'Exces-

sive bail shall not be required * * *.' " (Italics ours)

For convenience we repeat the pertinent portions of the Per Curiam judgment handed down by us on October 10, 1968:

"Considering the nature of the offenses charged and all available circumstances of the case, the rule is made absolute, and it is now ordered that the relator, Betty Jones, be released from custody upon furnishing bonds in the criminal proceedings pending against her in the Criminal District Court for the Parish of Orleans in the sum of $2500 in each case."

SANDERS, Justice (dissenting).

This matter came on for hearing in the Criminal District Court on the motion of the defendant to reduce the amount of bail, as provided by LSA–C.Cr.P. Article 321. The codal article provides the amount of bail may be reduced for "good cause." At the inception of the hearing, the defendant objected to the trial judge's ruling that the defendant was subject to cross-examination as to her guilt if she testified as a witness. On an application complaining of this ruling, we granted supervisory writs.

I am of the opinion that the trial judge correctly ruled that the defendant was subject to the usual cross-examination upon

becoming a witness. Article 317 of the Code of Criminal Procedure provides that the weight of the evidence against the defendant is one of the factors to be considered in fixing bail. Defendant's motion alleges, as a ground for reducing bail, that she is not guilty of the charge. As to the scope of cross-examination, see LSA–R.S. 15:462; State v. Walker, 204 La. 523, 15 So.2d 874; and State v. Goins, 232 La. 238, 94 So.2d 244. The question as to whether the testimony so taken could be used at her later trial is not presently before us. But see Simmons v. United States, 390 U.S. 377, 88 S.Ct. 967, 19 L.Ed.2d 1247.

Assuming, however, the majority is correct that the cross-examination of defendant should be restricted, the proper disposition of this case is to remand it to the trial judge with instructions so he can complete his hearing. As pointed out by the trial judge in his return, the evidence has not been taken nor has he ruled upon the motion. I think it inadvisable for this Court to circumvent the hearing and fix the amount of bail without the benefit of the evidence which the State has offered to produce.

For the foregoing reasons, I respectfully dissent.

SUMMERS, J., dissents.

BARHAM, Justice (dissenting).

At the beginning of a hearing for reduction of bail in the district court, exception was taken to the ruling of the judge that he would not limit the State's cross-examination of the defendant during the hearing; and the hearing was continued to permit the defendant to present that adverse ruling to this court under our supervisory jurisdiction.

We issued an alternative writ ordering the district judge to reduce bail or show cause to the contrary. The judge responded that he could not act on the motion for reduction of bail because the hearing had been interrupted by the defendant's writ application and was still pending. The judge requested that we resolve the question of law regarding limitation of the defendant's testimony and remand the matter with proper instructions so that he could proceed with the hearing and rule upon the bail reduction motion.

Instead of resolving the legal issue presented, the majority have arbitrarily fixed bail for the defendant on her ex parte motion, which was opposed by the State, without benefit of a hearing or evidence. I respectfully submit that this is grave error and a severe encroachment by this court upon the authority of the district court. The matter should have been remanded to the district court for full hearing and a ruling.

I take further exception to the majority's obiter dictum pronouncement upon the is-

sue of cross-examination when they have made that question moot by fixing bail and terminating the hearing. Additionally, I believe the reasoning of the majority in that respect to be incorrect.

I respectfully dissent.