## Ex Parte Goldsby.

[83 South. 673, In Banc. No. 21231.]

BAIL. *Amount reduced where defendant poor and in ill health.*
  Where a defendant charged with crime was required to give an
  excessive bond, the supreme court on appeal in a *habeas-corpus*
  proceeding will reduce the amount of the bond where it appears
  that on account of his poverty the defendant will otherwise
  be denied bail and where his physicial condition is such that
  his health may be endangered by confinement.

APPEAL from the circuit court of Warren county.
HON. E. L. BRIEN, Judge.

*Habeas Corpus* proceeding by R. J. Goldsby. From
a judgment denying relief the petitioner appeals.

The facts are fully stated in the opinion of the court.

*Anderson, Vollor & Kelly,* for appellant.

The rule relative to granting bail is: ''That bail
must be fixed at such sum as will be likely to secure
the attendance of the accused at the trial.''   *Ex
Parte Bridewell,* 57 Miss. 39.   ''Where it was shown
that the prisoner had very little property and was in
bad health bail was fixed at two thousand dollars.''
The defendant in this case was charged with a capital
offense. *Moore* v. *State,* 36 Miss. 137. In other cases
where bail was fixed by the supreme court all being
cases of murder, the bail required was not in excess
of ten thousand dollars. *Ex Parte Jack,* 22 So.
188; *Ex Parte Patterson,* 22 So. 186; *Ex Parte
Catron,* 21 So. 1029; *Ex Parte Mayors,* 34 So. 151.

The record shows that the appellant in this case is
worth in cash and property about ten thousand dol-
lars; that he is in bad health suffering from heart
disease and Bright's disease and that his condition
requires a nurse, comfortable bed, liquid diet and rest
and quiet. The common knowledge that all men have

must lead to the opinion that such treatment cannot be obtained in jails, Dr. Pettit positively testified at the hearing of the *habeas corpus* proceeding that the appellant has heart and Bright's disease. His testimony also clearly announces that confinement in the jail is likely to produce serious results to the appellant. Dr. Myers, who testified on behalf of the state, agrees with Dr. Petitt that there is trouble with appellant's heart, which he termed as a "heart murmur." He also found albumen in his urine, but that by reason of his failure to make a microscopic examination of his urine he was unwilling to say whether the albumen was caused from Bright's disease or other trouble. Therefore, with the positive testimony of Dr. Pettit that the appellant is afflicted with heart trouble and Bright's disease, the superficial test of Dr. Myers cannot be taken to prove that he is not so afflicted. But Dr. Myers does say that if the relator became chilled, suffering from the disease which Dr. Pettit says he is troubled with, that it would make the appellant worse and might bring on an accute attack.

If there was ever a case where reasonable bail should be granted it is the case at bar.

No brief of record for appellee.

Smith, C. J., delivered the opinion of the court.

This is an appeal from a judgment in a *habeas corpus* proceeding. The appellant was held in custody on eight indictments charging him with receiving stolen property. Six of the indictments charge felonies and two misdemeanors. He was arraigned on each of the indictments, and pleaded not guilty, and an order was entered fixing in each case the amount of his bail; that in each felony being two thousand, five hundred dollars, and in each of the two misde-

meanors being five hundred dollars making a total of sixteen thousand dollars.

The value of the property alleged to have been received by him is alleged in the six felony indictments to be one hundred dollars, two hundred and sixteen dollars, fifty dollars, thirty dollars, seventy-two dollars, and fifty dollars, respectively. Being unable to make these bonds, this proceeding was instituted to obtain a reduction thereof, but which the court below after hearing the evidence declined to do. It appears from the evidence that the claims of the appellant that he is unable to make these bonds because of the amounts thereof is true, and, in addition, it also appears that his physical condition is such that his health may be endangered by confinement.

In order that the appellant may not be denied bail, each of these bonds should be reduced to an amount which, in the aggregate, he will be able to give, and which at the same time will be calculated to insure his presence at the trial. Viewing the evidence in this light, we are of the opinion that a bond of seven hundred dollars in each of the felony cases, and a bond of one hundred dollars in each of the misdemeanor cases, will be sufficient, and an order to that effect will be here entered.

The judgment of the court below will therefore be reversed, and judgment will be entered here as above outlined.

*Reversed.*