217 So.2d 521 (1969)
Joseph R. BROWN
v.
STATE of Mississippi.
No. 45143.
Supreme Court of Mississippi.
January 13, 1969.
*522 Rex K. Jones, Hattiesburg, for appellant.
Joe T. Patterson, Atty. Gen., by Guy N. Rogers, Asst. Atty. Gen., Jackson, for appellee.
RODGERS, Justice:
The appellant, Joseph R. Brown, was indicted, tried and convicted of the crime of accessory to the crime of attempted burglary in Forrest County, Mississippi, and was sentenced to serve a term of four years in the state penitentiary. He has appealed from this judgment and suggests that the trial court committed the following reversible errors:
(1) Appellant's constitutional rights under Article IV, Article VII, and Article VI of the Constitution of the United States were violated: (a) appellant was arrested without a warrant in Stone County, Mississippi by the sheriff of Forrest County, Mississippi; (b) he was held in jail under a demand for excessive bond.
(2) Certain personal property belonging to the appellant was wrongfully introduced in evidence against the appellant at the trial, over his objection that the property was obtained by an unlawful search without the use of a search warrant.
(3) The court erroneously granted the State an instruction informing the jury that it was not necessary for the officers to have a search warrant to search the motel room of appellant, because appellant was not at the room when he was arrested.
(4) Appellant contends that the State did not prove that the appellant aided Thomas Carroll, knowing that he was a felon.
The testimony in this case reveals that about two o'clock on the morning of September 16, 1967, Mr. James Reeves, a night watchman, was making his routine patrol around a nightclub known as the Capri Lounge. He discovered a young man attempting to break into the nightclub. He came within a short distance of the intruder and flashed his light on him. The intruder ran, and the night watchman fired his pistol. The intruder ran into a barbed wire fence and from that point there was a bloody trail for some distance. The intruder escaped, and the night watchman went back to the Capri Lounge and there discovered burglary tools and a hole cut in the metal building. The night watchman summoned the sheriff.
A deputy sheriff answered the summons of the night watchman and promptly notitied the highway patrol. He took a plaster of paris cast of a footprint found at the scene of the attempted burglary. Near noon a young man staggered up to a florist shop and fainted in the presence of Mr. Wallace Delia, the nursery owner. This florist business is located about two miles south of the Capri Lounge. The young man was bloody, and told Mr. Delia that his companions had left him and that they had been on a beer drinking party. The witness attempted to take the young man to a hospital, but he asked Mr. Delia to take him to the Stables Motel. The witness observed a white pickup truck with a camper body on it in front of the cabin where the young man disembarked. Mr. Delia notified the sheriff as to what had occurred.
A witness at the Stables Motel informed the officers that the pickup truck had gone toward Wiggins. The sheriff promptly communicated this information to the sheriff of Stone County, and a highway patrolman, having heard this communication, *523 intercepted the truck and held the suspects until the sheriff of Forrest County arrived.
When the sheriff of Forrest County asked defendant Brown and his companion where the third man was who had been taken to the hospital, they refused to inform the officers as to the location of the wounded person. Two witnesses testified that the defendant said that he had taken the wounded man to the hospital but that later he had hid him and was not going to tell them where he was.
The sheriff of Forrest County started back to Hattiesburg with the defendant and his companion, but before they reached Hattiesburg they learned by radio communication that the Stone County officers had located the wounded suspect. The sheriff of Forrest County immediately returned to Wiggins and went to the F & A Motel, where he found the wounded suspect in custody of the sheriff of Stone County. The officers found in the room separate bags of clothing which contained the names of all three persons. A pair of shoes was found, and the wounded suspect took charge of these shoes. It developed later that one of these shoes fitted the track discovered at the scene of the attempted burglary. The sheriff of Stone County arrested the wounded suspect without a warrant and turned him over to the sheriff of Forrest County, Mississippi.
Before the trial the defendant made several motions, one of which was a motion to reduce the defendant's bail bond. The trial court sustained this motion and reduced the amount of the bail to $7,500. It is true, of course, that the United States Constitution and the Mississippi Constitution guarantee that excessive bail bonds shall not be required, and if excessive bail is required, it is considered tantamount to a denial of bail. The amount of bail required is largely a matter within the sound discretion of the trial judge. The judge must, of course, take into consideration whether or not the person is entitled to bail under the law, and if so, the circumstances and the ability of the person, his poverty, the atrocity of the offense, the sex, probability of his appearing for trial, and his character and reputation. Ex parte Oliver, 127 Miss. 208, 89 So. 915 (1921).
In every case, however, the amount should not be unreasonably large. On appeal to this Court, however, the presumption exists that the court properly exercised its discretion with reference to the amount of the bond. Street v. State, 43 Miss. 1 (1870).
The appellant's contention that he was not given a speedy trial is now moot. He has been given a trial, and although it appears that the defendant was held for some time because of his inability to make a bond, this time is deductible from his sentence; moreover, all cases cannot be tried at once. The docket of a trial court must be handled in an orderly manner. The defendant was arrested in September 1967, indicted November 1967, and tried in March 1968. There is no showing that the defendant did not get a speedy trial. See 21 Am.Jur.2d Criminal Law § 242 (1965); United States v. Ewell, 383 U.S. 116, 86 S.Ct. 773, 15 L.Ed.2d 627 (1966); Nixon v. State, 10 Miss. (2 Smedes & M.) 497 (1844).
The argument that the sheriff of Forrest County had no authority to arrest the defendant in Stone County and for that reason the defendant should be acquitted is not a ground of defense for the charge of accessory to attempted burglary, but if it were, it would not aid the appellant in his defense, because at the time the sheriff left Hattiesburg, he had no reason to obtain an arrest warrant for the defendant. He was in search of a man who had committed the crime of attempted burglary. He was informed that the fleeing felon was traveling in a certain white truck with a camper body on it. The officers at Wiggins found the truck, but did not find the wounded, fleeing felon. The sheriff wanted to find where the truck occupants had *524 left the fleeing felon. If the defendant had told the officers where they had left him, the sheriff would not have had any known reason to have arrested the defendant. When it was discovered, however, that the defendant was aiding the felon to escape, the sheriff had "reasonable cause" and sufficient grounds to believe that the defendant had taken the fleeing felon out of Forrest County knowing that he was a fleeing felon, and as a private person had a right to arrest the defendant on probable cause. See Miss.Code 1942 Ann. § 2470 (1956); Nash v. State, 207 So.2d 104 (Miss. 1968).
The appellant contends that the sheriff of Forrest County did not have the right to arrest the defendant in Stone County, and therefore had no right to search his room at a motel. This, however, is not the factual sequence of events. The record shows that after the sheriff of Forrest County left, the sheriff of Stone County continued to search for the fleeing felon; that they went to the F & A Motel in Wiggins and found that the suspect was in a room in that motel. They went to the fleeing felon's room and arrested him. The sheriff of Stone County had probable cause for the arrest (Mississippi Code 1942 Annotated section 2471), and it became his duty to make a search of the prisoner, his personal effects, and the immediate surroundings where the arrest was made. 47 Am.Jur. Searches & Seizures § 19 (1943). It was the duty of the officers to preserve the personal effects of the prisoner, and this duty was to collect these articles and inspect them to determine whether or not they contained weapons or contraband or evidence connected with the criminal charge against the prisoner. There was no need for a search warrant on the occasion of the arrest of the suspected fleeing felon. May v. State, 199 So.2d 635 (Miss. 1967).
Moreover, the appellant made no objection to the introduction of this evidence on the ground that illegal testimony was obtained through an illegal search. The only objection in the record was as follows:
"BY MR. JONES:
"Now we're going to object on the best evidence rule, if the Court please.
"BY THE COURT:
"Well he can tell what he found there. Let him tell what he found.
"BY MR. JONES:
"But as to who they belonged to, I don't believe he could testify.
"BY THE COURT:
"Well I sustain as to that."
No effort was made to comply with the rule in Henry v. State, 253 Miss. 263, 154 So.2d 289, 174 So.2d 348 (1965).
The instruction given on behalf of the State to the effect that "it was not legally necessary or required for the securing and serving of a warrant for the arrest of the defendant or a search warrant for the premises occupied by the defendant" was erroneous, because the defendant was not at the premises of his motel room at the time of the arrest and the search was not contemporaneous with the arrest. May v. State, supra; Stoner v. California, 376 U.S. 483, 84 S.Ct. 889, 11 L.Ed.2d 856 (1964); Annot., 19 A.L.R.3d 727, 776 (§ 16)-789 (§ 24) (1968). It was proper, however, as to the search of the automobile occupied by the defendant. On the other hand, the giving of this instruction is harmless, because the officers did have a right to search the motel room in the instant case, because that is where the fleeing felon was found and arrested. They could search this room as an incident to the arrest of Carroll, the fleeing burglar. Carroll v. United States, 267 U.S. 132, 45 S.Ct. 280, 69 L.Ed. 543, 39 A.L.R. 790 (1925); Annot., 74 A.L.R. 1418, 1427(c) (1931); Annot., 89 A.L.R.2d 715, 746 (§ 4) (1963); Annot., 19 A.L.R.3d 727, 778 (§ 17[a]) (1968).
*525 We find no reversible errors in the record in this case, and for that reason the judgment of the trial court should be and it is, hereby affirmed.
Affirmed.
ETHRIDGE, C.J., and PATTERSON, SMITH and ROBERTSON, JJ., concur.