GILLESPIE, Presiding Justice:
This is a companion case to Larry Robinson v. State, Miss., 219 So.2d 916, decided this date. The facts of the armed robbery are stated in the Robinson opinion.
Eudell Graham was convicted in the Circuit Court of Jones County of armed robbery and sentenced to a term of 25 years in the State Penitentiary. The proof in this case included the testimony of Larry Taylor, a seventeen year old accomplice. Taylor’s testimony in this case is substantially the same as that in the Robinson case. Appellant and Larry Robinson had lived in Laurel and knew the location of Robert’s Grocery Store. They planned the robbery while in Mobile. All six participants drove to Laurel in appellant’s Lincoln. After they arrived in Laurel they drove past the Robert’s Grocery, after which Larry Taylor, Jessie Edwards, Lamont Miller and Lebaron Washington robbed the store while appellant and Robinson waited in the car. After the robbery they all fled to New Orleans in appellant’s car.
Appellant contends that the trial court committed reversible error in admitting two guns in evidence. Taylor identified these guns as being two that were used in the robbery. He testified that after the robbery, while they were staying at the Do Drop Inn in New Orleans, he bought a *921 suitcase in which all of their clothes were packed together with one of the guns admitted in evidence. This suitcase was sitting in the hall of the hotel at the time they were leaving the hotel. Appellant went downstairs to pay the hotel bill and was arrested. When Taylor started downstairs he saw someone holding appellant by the arm. Taylor ran back upstairs and told Jessie Edwards and the others that the police had gotten appellant. Taylor, Edwards, Miller and Washington attempted to flee, taking the suitcase containing one of the guns with them. They abandoned the suitcase somewhere on the bottom floor and Miller and Edwards made their escape. Taylor testified the police had some papers saying they were fugitives from Laurel, Mississippi. He said that one of the guns came from the suitcase abandoned in the hall and the other came from under the bed in the room Jessie Edwards had occupied. A preliminary inquiry, out of the presence of the jury, was had on the admissibility of the guns. Appellant did not testify, although he could have done so on the limited issue of the admissibility of the guns. Moore v. State, 207 Miss. 140, 41 So.2d 368 (1949), cert. denied 338 U.S. 844, 70 S.Ct. 93, 94 L.Ed. 516 (1949). No evidence was offered that the police unlawfully arrested appellant or illegally seized the two guns in question.
Taylor positively identified the guns as two of those used in the robbery. The fact of the armed robbery is without dispute and was established by several witnesses in addition to Taylor. Therefore, the evidence concerning the robbery and the identity of the guns used in it was established without reference to how they came into possession of the officers.
The proof justified the finding that appellant was lawfully arrested, and there is no evidence to the contrary. If it could be said that the guns were found as a result of searching appellant’s suitcase, which is a most doubtful assumption under the facts, the police arresting him had the right to search for and seize the gun. Brown v. State, 217 So.2d 521 (Miss.1969). It could not be successfully contended that the gun found in the room from which Edwards had fled was the fruit of an unlawful search of appellant or his property.
This is not a case where the appellant made a prima facie case of illegal arrest and search which the state was required to refute. Appellant merely objected to the introduction of the guns without offering any proof of illegal arrest or search. Cf. Clay v. State, 184 So.2d 403 (Miss.1966).
We are therefore of the opinion that the trial court did not commit reversible error in admitting the guns in evidence. Moreover, the state did not contend that appellant’s part in the armed robbery involved the use of one of the guns. His part was in planning the robbery, driving the others to the scene and driving them away in their flight. The fact of the armed robbery was necessary to the state’s case, and it was proven beyond any doubt without the introduction of the guns.
Appellant contends that the trial court erred in refusing his requested instruction as follows:
The Court instructs the jury for the defendant that the law looks with suspicion and distrust on the testimony of an accomplice, and requires the jury to weigh such testimony with great care and caution. In this case, Larry Taylor is an accomplice, and in passing on what weight, if any, the jury gives their testimony, they should weigh it with great care and caution, and look upon it with suspicion.
We are of the opinion that this was not error. Appellant was given the following instruction:
The Court instructs the jury for the defendant that the testimony of an accomplice is to be received and considered with caution and that in this case Larry Taylor is an accomplice, and in passing *922 on what weight the jury gives his testimony they should weigh it with great care and caution.
The appellant was given an adequate cautionary instruction. As stated in Robinson, whether this kind of instruction should be given is within the sound discretion of the trial judge.
We fincj no reversible error. The judgment of conviction is affirmed.
Affirmed.
RODGERS, BRADY, PATTERSON and SMITH, JJ., concur.