ETHRIDGE, Chief Justice.
This habeas corpus case involves the question of whether the Circuit Court for the First Judicial District of Hinds County abused its discretion in requiring a $10,000 bail bond for accused after indictment but before any trial. We hold that it did.
Donald Royalty, appellant, was indicted in March 1970 for the unlawful sale of marijuana. He has not been tried and convicted, and, of course, before conviction the presumption of innocence is fully applicable to appellant. The statutory penalty for the offense of sale of marijuana is imprisonment of not less than five, nor more than ten years and a fine of not more than $2,000, with probation or parole prohibited until the minimum sentence shall have been served. Miss. Code 1942 Ann. § 6866 (Supp.1968).
Mississippi Constitution Article III, section 29 provides:
Excessive bail shall not be required, and all persons shall, before conviction, be bailable by sufficient sureties, except for capital offenses when the proof is evident or presumption great.
The circuit court required a bail or appearance bond of $10,000. Subsequently Royalty brought this petition for writ of habeas corpus, alleging that the bail required was excessive and in violation of the Constitutions of Mississippi and the United States, and requesting a reduction in the amount of bail. Petitioner alleged that he “feels that he can acquire bond in the amount of $1,000.”
At the hearing in circuit court on this petition, only Royalty testified. He is eighteen years of age and has never been convicted of a crime. He presently is appealing a misdemeanor conviction in city court to county court and, in connection therewith, is under an appearance bond, which has not been forfeited. Royalty has lived in Jackson about seventeen years, and his mother, who is employed by the Jackson Public School System as a librarian, resides there. A brother and a sister live in Jackson, and one grandmother has lived in that city about fifty years. Petitioner has no money, real estate, stocks or bonds, or automobile. He has a motorcycle, but title thereto is in his cousin, who gave it to petitioner after it was wrecked. Petitioner bought parts for it and repaired it, and it now has a value of about $100. Petitioner testified that he could not make a $10,000 bond, but thought that he could make one for $1,000. At the time of his arrest he was not working. In February of this year, he worked for two weeks for a cousin as a night auditor in a Biloxi motel and for a short time before that, had held temporary jobs on the Coast. He did not graduate from high school, but took some subjects in the eleventh and twelfth grades.
Denying relief, the circuit court held:
* * * [TJhe gravity of the crime always enters into setting the bond for a defendant; the position of the defendant in the community, that is whether he is a permanent resident, transient, employed or unemployed, and this Court has on numerous occasions within the last eighteen months announced to the community at large, that this Court would do all within its power to prevent the trafficking in drugs of every kind and nature, and at a previous term had stated that bond would be set at five thousand dollars on a charge of possession, and ten thousand dollars on a charge of sale.
While under the proof here it is un-contradicted that this is a young man, who testified that he cannot make a ten thousand dollar bond, nevertheless, despite the fact that his mother is a resident here, it is apparent to the Court that he himself is of a transient nature, and, therefore, the writ of habeas corpus is denied, and bond will remain at ten thousand dollars.
*720 The record does not support the trial court’s finding that petitioner is “of a transient nature.” He has lived in Jackson most of his life, and his mother and other close relatives live there. He has had no prior convictions, except on a misdemeanor charge in city court, now on appeal to the county court with a trial de novo. It is uncontested that petitioner is unable to make a $10,000 bail bond.
With these unrefuted facts in the record, it is manifest that the requirement of a $10,000 bail bond for petitioner, who has not been convicted and is presumed innocent until found guilty by a jury, is in violation of Constitution section 29. That section prohibits “excessive bail” and provides that “all persons shall, before conviction, be bailable * with stated exceptions. Since the purpose of allowing bail is to secure the presence of the accused at trial, the amount of bail to be required is governed largely by the character of the offense committed and the financial ability of the accused.
In Ex parte Oliver, 127 Miss. 208, 89 So. 915 (1921), a bond of $20,000 for the relator charged with burglary was held excessive. The Court said:
* * * [A] twenty thousand dollar bond under the facts of this record was clearly excessive. The evidence of the relator was that his ability to give bond was limited to three thousand, five hundred dollars. The evidence of the sheriff was based upon opinion, and there is nothing in the bill of exceptions that convinces us that Nolen or any other parties would put up twenty thousand dollar bond for the relator. While the habeas corpus court is not limited in its action to the testimony of the relator on his ability, still there must be something in the nature of substantive evidence, apart from mere opinion, that the party could make the bond required of him. A bond must be reasonable. The condition of the relator to give bond, the nature and character of the offense charged, and the maximum punishment to be inflicted on a conviction are all to be taken into consideration in determining the amount of bond. The public policy of the state favors bail, and under modern conditions criminals can be located and returned for trial much more easily and efficaciously than in former years. (127 Miss, at 215, 89 So. at 916.)
See also Brown v. State, 217 So.2d 521 (Miss.1969); Ex parte Goldsby, 121 Miss. 479, 83 So. 673 (1920); Note, 39 Miss.L.J. 303, 309 (1967); 8 Am.Jur.2d Bail and Recognizance § 75 (1963); 8 C.J.S. Bail § 50 (1962); Annot., 72 A.L.R. 801 (1931).
Since the required bail is excessive, the order of the circuit court refusing to reduce it is reversed. Judgment is rendered here reducing the bail required of appellant to $1,500, with the proper appearance bond to be approved by the Circuit Clerk of Hinds County.
Reversed and judgment rendered here reducing bail to $1,500.
RODGERS, JONES, BRADY and IN-ZER, JJ., concur.