KING, C.J.,
for the Court.
¶ 1. Marcus Roberson was indicted and tried in the Circuit Court of Coahoma County on multiple counts of murder. After four mistrials Roberson, through writ of habeas corpus, sought to bring his trials to an end. The trial court denied his requested relief. Roberson has appealed to this Court from that denial and asserts the following issue, which we quote verbatim:
Whether progressive material subtle differences by the state’s fact witnesses enhance the opportunity for an innocent person to be convicted in violation of the double jeopardy clauses in the United States and Mississippi Constitutions.
STATEMENT OF FACTS
¶ 2. Roberson was indicted on multiple counts of murder arising out of a shooting at a hotel in Clarksdale. In November 2000, Roberson was tried on these charges; however, a hung jury caused a mistrial to be declared. In March 2001, Roberson was again tried, but discovery violations by the State caused a mistrial to be declared. After his second mistrial, Roberson sought dismissal of his indictment based on double jeopardy grounds. That relief was denied by the circuit court. This Court affirmed the denial of that relief in Roberson v. State, 856 So.2d 532 (Miss.Ct.App.2003). In July 2002, Roberson was again tried on the theses charges. This trial resulted in another hung jury and mistrial. In September 2003, Roberson was tried again, with yet another mis *1122 trial. Following the September 2003 mistrial, Roberson sought a writ of habeas corpus, seeking dismissal of his indictment on the grounds of double jeopardy; it is from that denial by the circuit court that Roberson appeals.
ISSUES AND ANALYSIS
I.
Whether progressive material subtle differences by the state’s fact witnesses enhance the opportunity for an innocent person to be convicted in violation of the double jeopardy clauses in the United States and Mississippi Constitutions.
¶ 3. In his request for habeas relief, Roberson asked the trial court to declare that continued trials on the same indictment, after multiply mistrials gave the State an unfair advantage, because the State’s witnesses had the opportunity to make subtle adjustments to their testimony to aid in conviction. Therefore, he suggested that continued trials under those circumstances should be considered as double jeopardy. The trial court declined to do so, noting those claims were not ripe for adjudication, because Roberson had not yet been convicted as a result of any subtle adjustments in testimony by the State’s witnesses. Roberson now requests this Court to find error in the actions of the trial court.
¶ 4. This Court agrees that this issue is not ripe for adjudication, and therefore declines to find error in the actions of the trial court. It is not appropriate for a court to make its decision on what is a matter of pure speculation over how the testimony of a witness may, or may not, change, and what would be the effect of any change. United States v. Valuck, 286 F.3d 221, 229 (5th Cir.2002). There may well be a point at which the court should say enough is enough, and direct that prosecution cease. Under these facts, this is not that place.
¶ 5. The purpose of the writ of habeas corpus is to determine whether an individual is being unlawfully deprived of his liberty. Carson v. Hargett, 689 So.2d 753, 755 (Miss.1996). In making that determination, the court generally looks to see (1) if there is evidence that a crime has been committed, and (2) if there is evidence that the defendant committed the crime. Ex Parte Oliver, 127 Miss. 208, 89 So. 915, 916 (1921). If at a habeas hearing the trial court does not find the existence of both of these, it is to direct that the defendant be set free. The trial court, based upon the history of this case, found that there was evidence of the commission of the crime of murder and evidence which implicated Roberson as the perpetrator of that offense.
¶ 6. During the argument of this case, the Court requested that the State supplement the record by providing information as to when the defendant was taken into federal custody. The State has supplemented the record, noting that Roberson was convicted in the United States District Court for the Northern District of Mississippi on December 5, 2003, and sentenced on April 7, 2004, to 120 months of incarceration. The State indicates that Roberson is not in active federal custody, but rather is being held in the Coahoma County Jail on a federal detainer, where he receives day for day credit on his federal sentence, while awaiting trial on the state murder charges.
¶ 7. The effect of the federal detainer is to constructively place Roberson in federal custody. United States v. Walker, 710 F.2d 1062, 1070 (5th Cir.1983). If habeas relief were appropriate on the state charge, it would not cause Roberson to be released from incarceration.
*1123 ¶ 8. THE JUDGMENT OF THE CIRCUIT COURT OF COAHOMA COUNTY DENYING PETITION FOR HABEAS CORPUS RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO COAHOMA COUNTY.
BRIDGES AND LEE, P.JJ., IRVING, MYERS, CHANDLER, GRIFFIS, BARNES AND ISHEE, JJ., CONCUR.